**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000822
25-MAR-2026
07:50 AM
Dkt. 123 SO**

NO. CAAP-24-0000822

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHARLES FREDRICK ROBERTS, III, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNEʻOHE DIVISION
(CASE NO. 1DTI-24-094777)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Self-represented Defendant-Appellant Charles Fredrick Roberts III (**Roberts**) appeals from the District Court of the First Circuit's (**district court**)[1] November 27, 2024 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**).[2]

On September 22, 2024, Plaintiff-Appellee State of Hawaiʻi (**State**) issued a Notice of Traffic Infraction pursuant to

---

[1]     The Honorable Alvin K. Nishimura presided.

[2]     We construe Roberts' "Motion for Leave to Appeal In Form [sic] Pauperis" as his notice of appeal.

Hawaii Revised Statutes § 291D-5 (2020). Following a hearing on October 22, 2024, and trial de novo on November 27, 2024, the district court entered Judgment in favor of the State and fined Roberts $40.

On appeal, Roberts raises three points of error, contending that the district court erred: (1) by "enter[ing] a final judgment in this case without first deciding on [his] motion to suppress"; (2) "in making substantive findings on the merits of the [S]tate's witness, that was a part of their ruling that was used to dismiss [the] case" thus demonstrating judicial "personal bias"; and (3) because "the prosecutorial misconduct [was not] harmless beyond a reasonable doubt."

Upon careful review of the record, briefs, and relevant legal authorities, we affirm the Judgment. We note that there are no transcripts of proceedings for the record on appeal, and we therefore lack a sufficient record to review the alleged errors. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)); see also Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) ("When an appellant desires to raise any point on appeal that requires consideration of the oral

2

proceedings before the court appealed from, the appellant shall file . . . a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.").

We therefore affirm the Judgment.

DATED: Honolulu, Hawaiʻi, March 25, 2026.

On the briefs:                          /s/ Karen T. Nakasone
                                        Chief Judge
Charles Fredrick Roberts III,
Self-Represented                        /s/ Sonja M.P. McCullen
Defendant-Appellant.                    Associate Judge

Brian R. Vincent,                       /s/ Kimberly T. Guidry
Deputy Prosecuting Attorney,            Associate Judge
City and County of Honolulu,
for Plaintiff-Appellee.